UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ANABELA MACHADO )
    Plaintiff, )
)
vs. ) Civil Action No. 1:13-cv-10039
)
FINANCIAL FILING & REPORTING, INC. )
JOHN DOES, JANE DOES )
    Defendant, )

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## I. INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff Anabela Machado, an individual consumer, against Defendants for violations of the law, including, but not limited to, violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter "TCPA"), and also out of the invasions of Plaintiff's personal privacy by these Defendants and their agents in their illegal efforts to collect an alleged consumer debt from Plaintiff.

## *II.    JURISDICTION*

2. Jurisdiction of this court arises under 47 U.S.C. § 227 et seq., and 28 U.S.C. § 1331 and 1337. It also arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy."

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here. Since Defendants transact business here, personal jurisdiction is established.

## *III.    PARTIES*

4. Plaintiff, Anabela Machado is a consumer, a natural person allegedly obligated to pay any debt, residing in Essex County, in the state of Massachusetts.

5. Defendant, Financial Filing & Reporting, Inc. is a collection agency and foreign corporations engaged in the business of collecting debt in this state with its principal place of business located in Broward County, in the state of Florida. The principal purpose of Defendant is the collection of debts in this state and Defendant is engaged in the collection of debts from consumers using the mail and telephone, and regularly attempts to collect debts alleged to be due another.

6. Defendant John Does 1-10 (hereinafter "Defendant John Does") are natural person(s) who were employed by Defendants as collection agents, whose identities are currently unknown to Plaintiff. Defendant John Does are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6). One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Defendant Jane Does 1-10 (hereinafter "Defendant Jane Does") are natural person(s) who was employed by Defendants as collection agents, whose identities are currently unknown to Plaintiff. Defendant Jane Does are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6). One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8. Plaintiff is informed and believes, and thereon alleged, that Defendants use instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts. Defendants are engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

9. At all relevant times, Defendants acted through their duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. FACTUAL ALLEGATIONS

10. Sometime before 2013, Plaintiff, Anabela Machado, allegedly incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

11. Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Anabela.

12. The debt that Defendants are attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

13. Upon information and belief, within one year prior to the filing of this complaint, Defendants placed harassing collection calls to Plaintiff, that they knew would annoy and/or harass Plaintiff.

14. Upon information and belief, within one year prior to the filing of this complaint, Defendants began contacting Plaintiff and placing collection calls to Plaintiff prior to January 8, 2013; seeking and demanding payment for an alleged consumer debt.

Defendants would threaten to take not only Plaintiff's car but also her personal belongings from her, when they cannot do so.

15. Upon information and belief, within one year prior to the filing of this complaint, Defendants called Plaintiff on her cell phone, using an automatic telephone dialing system as defined under 47 U.S.C. § 227 (a)(1)(A)and(B), without her consent, and without the calls being for emergency purposes, after they already told Plaintiff they would take her off of the automatic telephone dialing system since she in good faith set up a payment arrangement with them. Defendants called her the very next day, and continued to for weeks, and when she spoke to another agent about this situation, the agent told her the person she had spoken to did not exist, and the agent was rude to her.

## *SUMMARY*

16. All of the above-described collection communications made to Plaintiff Anabela Machado by each individual Defendant and other collection employees employed by Defendant Financial Filing & Reporting, Inc. were made in violation of multiple provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et al. (hereinafter "FDCPA"), and also were made in violation of the TCPA, including but not limited to all of the provisions of the FDCPA and TCPA cited herein.

17. The above-detailed conduct by these Defendants of harassing Anabela in an effort to collect this debt was a violation of multiple provisions of the FDCPA, and also was a

violation of the TCPA, including but not limited to all of the above mentioned provisions of the FDCPA and TCPA, as well as an invasion of Anabela's privacy.

18. As a result of the acts alleged above, Defendants caused Anabela to become very upset because of the aggressive manner in which this debt was collected by these Defendants.

19. Anabela suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, frustration, upset, embarrassment, and humiliation, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

20. Defendants' continued unlawful attempt(s) to collect this alleged debt from Anabela, were invasions of Anabela's privacy and her right to be left alone.

21. Defendants' illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Anabela.

### *RESPONDEAT SUPERIOR LIABILITY*

22. The acts or omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant Financial Filing & Reporting, Inc. who communicated with Plaintiff Anabela Machado as more further described herein, were committed within

the time and space limits of their agency relationship with their principal, Defendant Financial Filing & Reporting, Inc.

23. The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Financial Filing & Reporting, Inc. in collecting consumer debts.

24. By committing these acts and omissions against Anabela, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant Financial Filing & Reporting, Inc.

25. Defendant Financial Filing & Reporting, Inc. is therefore liable to Anabela through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt by communicating with Anabela.

## *V.* *CAUSES OF ACTION*

### COUNT I
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 et seq.

26. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The foregoing acts and omissions of each individual Defendant and their agents constitute numerous and multiple violations of the TCPA including, but not limited to, each and every one of the provisions of the TCPA, 47 U.S.C. § 227 et seq., cited above, and below, with respect to Plaintiff:

> (a) Defendants violated TCPA § 227b(1)(A)(iii) by calling Plaintiff using an automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's cellular telephone service, without her express consent, after they were no longer supposed to be calling her cell phone using their automatic telephone dialing system.

28. As a result of the foregoing violations of the TCPA, Defendants are liable to the plaintiff Anabela Machado for actual damages pursuant to 47 U.S.C. § 227, statutory damages in an amount up to $500.00 for each violation of the TCPA pursuant to 47 U.S.C. § 227, treble damages pursuant to 47 U.S.C. § 227 from each Defendant herein.

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

29. Plaintiff Anabela Machado repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Telephone Consumer Protection Act, when it stated as part of its findings:

> In implementing the requirements of this subsection, the Commission may, by rule or order, exempt from the requirements of paragraph (1)(B) of this subsection, subject to such conditions as the Commission may prescribe such classes or categories of calls made for commercial purposes as the Commission determines **will not adversely affect the privacy rights that this section is intended to protect[.]**

47 U.S.C. § 227(2)(B)(ii)(I) (emphasis added).

31. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal

<u>bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.</u>

15 U.S.C. § 1692(a) (emphasis added).

32. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including companies that try to collect on debts owed to them, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that <u>each financial institution has an affirmative and continuing obligation to respect the privacy of its customers</u> and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

33. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

34. Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff, namely, by unlawfully on her cell phone using an auto-dialer after they had already told her they would not do so as she set up a payment arrangement with them in regards to the alleged debt, calling her without her consent, and without the calls being for emergency purposes, and thereby invaded Plaintiff's right to privacy.

35. Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

36. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns and affairs.

37. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

38. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

39. As a result of such intrusions and invasions of privacy, Defendants are liable to Plaintiff for actual damages in an amount to be determined at trial from each and every Defendant.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

40. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions of each Defendant and their agents constitute multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, and below, with respect to Plaintiff:

> (a) Defendants violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

> (b) Defendants violated *§1692d(5)* of the FDCPA by causing Plaintiff's telephone to ring continuously with intent to annoy, abuse, or harass, the natural consequence of which was to harass, oppress and/or abuse Plaintiff; and

(c) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt.

42. As a result of the foregoing violations of the FDCPA, Defendants are liable to the Plaintiff Anabela Machado for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

WHEREFORE, Plaintiff Anabela Machado respectfully requests that judgment be entered against Defendants, for the following:

A. Actual damages from each Defendant pursuant to 47 U.S.C. § 227 et seq. and 15 U.S.C. § 1692k for the emotional distress suffered as a result of the intentional and/or negligent TCPA and FDCPA violations, and from each Defendant for intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff; and

B. Trebled Statutory damages pursuant to 47 U.S.C. § 227(c)(5); and

C. As to Plaintiff's invasion of privacy claim, an award of compensatory damages in Plaintiff's favor and against Defendants; and

D. As to Plaintiff's invasion of privacy claim, TCPA claim, and FDCPA claim, an award of punitive damages in Plaintiff's favor and against Defendants; and

E. As to Plaintiff's invasion of privacy claim, an award of Plaintiff's reasonable attorney's fees and costs; and

F. Costs and reasonable attorney fees from each Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

G. A permanent injunction, pursuant to 47 U.S.C. § 227(c)(5)(A), prohibiting Defendants from initiating any telephone calls to Plaintiff in violation of the regulations prescribed under the TCPA; and

H. For such other and further relief as the Court may deem just and proper.

Dated: January 8, 2013

RESPECTFULLY SUBMITTED,
By: /s/ Kevin Crick
Kevin Crick
BBO: 680950
Consumer Rights Law Firm, PLLC
300 Brickstone Square, Suite 902
Andover, Massachusetts 01810
Phone: (978) 212-3300
Fax: (978) 409-1846
kevinc@consumerlawfirmcenter.com
**Attorney for Plaintiff**

*DEMAND FOR JURY TRIAL*

Please take notice that plaintiff Anabela Machado demands trial by jury in this action.